### WILL CANNADY v. THE STATE.

*No. 1153. Decided January 21st, 1897.*

*Motion for Rehearing Decided February 10th, 1897.*

**1. Unlawfully Carrying a Pistol—Recognizance on Appeal.**

A recognizance on appeal, from a conviction for unlawfully carrying a pistol, is fatally defective if it recites the offense to be, "unlawfully carrying arms." It must state the mode and manner in which the weapon or arm was carried.

#### ON MOTION FOR REHEARING.

**2. Motion for Rehearing—Correcting Record—Certified Copy—Practice.**

Where an appeal has been dismissed because the recognizance was defective, on a motion to reinstate and for rehearing, based upon the ground that the recognizance, as entered into in the lower court, was good but the clerk had failed to transcribe it correctly into the record: Held: The motion should be accompanied by a certified copy of the original recognizance as entered upon the minutes; and that the mere affidavit of the clerk, as to the facts showing the mistake, is not sufficient.

APPEAL from the County Court of Kaufman. Tried below before Hon. NESTOR MORROW, County Judge.

Appeal from a conviction for unlawfully carrying a pistol on and about the person; penalty, a fine of $25.

The Assistant Attorney-General moved to dismiss the appeal because the recognizance stated no offense.

After the appeal was dismissed, appellant made a motion to set aside the judgment of dismissal and for a reinstatement and rehearing of the appeal, and filed, in support of his motion, the affidavit of the Clerk of the County Court, stating, that the defect in the recognizance was owing to a clerical mistake or omission in transcribing the same into the record. That, as entered into by appellant in the lower court, the recognizance stated the offense to be, "unlawfully carrying on and about his person a pistol." A certified copy of the original recognizance did not accompany this affidavit.

George W. Shaw, for appellant.

Mann Trice, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged with carrying on and about his person a pistol. The jury convicted him, and assessed his punishment at a fine of $25, and he prosecutes this appeal. The recognizance recites that appellant "stands charged in this court with the offense of unlawfully carrying arms, and who has been convicted of said offense," etc. This recognizance recites no offense known to the laws of the State of Texas. "Unlawfully carrying arms" is not a violation of law. In order to constitute a violation of this statute, certain specified arms must be carried in some manner prohibited therein. Motion is made by the Assistant Attorney-General to dismiss the appeal on account of this defect in the recognizance. The motion is well taken, and the appeal is therefore dismissed.

*Dismissed.*

---

ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—At a former day of this term the appeal in this case was dismissed because the recognizance recited the offense as "unlawfully carrying arms." This being no offense against the law, the appeal was dismissed. Appellant filed a motion for rehearing, attaching thereto the affidavit of the Deputy County Clerk of Kaufman County, in which he states that the recognizance should have been for "unlawfully carrying on and about his person a pistol," and that it was a clerical mistake of the clerk. A certified copy of said recognizance is not attached to the motion for a rehearing. If the recognizance in the trial court was entered on the minutes, reciting the offense in said recognizance for "unlawfully carrying on and about his person a pistol," it was correctly entered; but, if entered there for "unlawfully carrying arms," then it recited no offense. The affidavit of the clerk does not

show whether it was a mistake in entering it on the minutes of the trial court, or in transcribing it into the record. In order to settle that question, the appellant should have attached to his motion a certified copy of the original recognizance as entered upon the minutes. A defective recognizance cannot be corrected by the affidavit of an officer. In the case of Cryer v. State, 36 Tex. Crim. App., 621, relied upon by appellant, a certified copy of the recognizance was attached to the motion for rehearing, showing that it was the mistake of the clerk in transcribing the recognizance into the record on appeal. This was not done in this case. As presented to us, the motion for rehearing is not well taken, and is accordingly overruled.

*Motion Overruled.*